O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS BUSTAMANTE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. SOTO,<br><br>　　　　　Respondent. | Case No. CV 15-3165-PA (KK)<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION** |

　　　Nicholas Bustamante ("Petitioner"), a California state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), challenging his October 2010 convictions for possession of a deadly weapon, possession of a controlled substance, and second-degree robbery, in Los Angeles County Superior Court. As discussed below, the Court finds the Petition untimely under the one-year statute of limitations for federal habeas petitions challenging state court convictions. Accordingly, the Petition is dismissed with prejudice.

///

///

///

# I.
# PROCEDURAL HISTORY[1]

On October 20, 2010, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of: (1) possession of a deadly weapon, in violation of California Penal Code section 12020(a)(1); (2) possession of a controlled substance, in violation of California Health and Safety Code section 11350(a); and (3) second-degree robbery, in violation of California Penal Code section 211. See Pet. at 2.[2] On November 9, 2010, the trial court sentenced Petitioner to twenty-five years to life in state prison. Id.

On December 23, 2011, the California Court of Appeal affirmed Petitioner's convictions on direct appeal. Id. at 2-3. On February 29, 2012, the California Supreme Court denied discretionary review of the California Court of Appeal's decision.

///
///
///
///
///
///
///
///

---

[1] Because Respondent has not lodged documents relating to Petitioner's proceedings in state court, the Court relies on the Petition's allegations and the website of the California Court of Appeal and the California Supreme Court when summarizing these proceedings.

[2] The Court refers to the pages of the Petition as if they were consecutively paginated.

On April 22, 2015, Petitioner constructively filed[3] the instant Petition. (ECF Docket No. ("dkt.") 1). On April 30, 2015, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed as Untimely ("OSC"). (Dkt. 4). On May 18, 2015, Petitioner filed both a Response to the Court's OSC and a Motion to stay and abey this action pending exhaustion of additional claims in state court.[4] (Dkts. 5, 6).

## II.

## DISCUSSION

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

---

[3] Under the "mailbox rule," which "applies to federal and state petitions alike[,]" Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010), a "habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court, not when the petition is filed by the court." Ramirez v. Yates, 571 F.3d 993, 996 n.1 (9th Cir. 2009) (internal quotation marks and citation omitted); see Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). In the absence of evidence to the contrary, a petition may be deemed delivered to prison authorities (and thus, constructively filed) on the day the petition was signed. See Porter III v. Ollison, 620 F.3d 952, 955 & n. 2 (9th Cir. 2010).

[4] Because the Court concludes the Petition is untimely, the Court denies Petitioner's Motion to stay this action as **MOOT**.

A. **Petitioner Did Not File His Petition Within AEDPA's One-Year Limitations Period**

AEDPA's one-year limitations period commences on the date a petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A).[5] In the instant case, Petitioner's conviction became "final" on May 28, 2012—ninety days after the California Supreme Court's denial of discretionary review over Petitioner's direct appeal. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); see also Sup. Ct. R. 13 (allowing a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed within ninety days after the entry of judgment). Consequently, under Section 2244(d)(1)(A), the AEDPA limitations period commenced on May 29, 2012 and lapsed a year later on May 28, 2013. 28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a). Petitioner did not constructively file this action until April 22, 2015—nearly two years after the limitations period elapsed. Hence, the Petition is untimely under Section 2244(d)(1).

B. **Statutory Tolling Cannot Render The Petition Timely**

AEDPA sets forth a statutory tolling provision which suspends Section 2244(d)(1)'s limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

---

[5] The limitations period under Section 2244(d)(1) may also commence on dates set forth in 28 U.S.C. § 2244(d)(1)(B), (C), and (D). None of these provisions are applicable here.

4

Here, Petitioner does not appear to have filed any applications for post-conviction relief in state court. Thus, statutory tolling does not render the Petition timely.

### C. Petitioner Has Not Satisfied His Burden To Demonstrate He Is Entitled To Equitable Tolling

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). The "extraordinary circumstances" requirement means equitable tolling will not be available in most cases. Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (internal quotation marks omitted). "The Supreme Court and the policies behind AEDPA require that equitable tolling be used only to protect diligent petitioners facing extraordinary circumstances that prevent them from timely filing federal habeas petitions." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) (citing Pace, 544 U.S. at 417).

A petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted). "The petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (internal citation and quotation marks omitted). Conclusory "assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling." Williams v. Dexter,

5

649 F. Supp. 2d 1055, 1062 (C.D. Cal. 2009) (internal citation omitted).

To claim equitable tolling based on a mental impairment, a petitioner must show: (1) his mental impairment was so severe that he either was "unable rationally or factually to personally understand the need to timely file," or that his mental state "rendered him unable personally to prepare a habeas petition and effectuate its filing"; and (2) he was diligent in pursuing his claims, "but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." See Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). "[T]o evaluate whether a petitioner is entitled to equitable tolling, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements." Id. at 1100-01.

Petitioner does not allege any facts suggesting he is entitled to equitable tolling of the limitations period. In his response to the Court's OSC, Petitioner briefly mentions he suffered from mental impairments at the time of his trial in state court that warranted a competency hearing. Response at 1. Petitioner also appears to state he has currently been placed in a mental health program. Id. at 3-4. In his accompanying Motion to stay this action, Petitioner alleges he is subject to severe bouts of chronic depression. Mot. at 2. Without further details or evidence as to the nature of Petitioner's mental impairment or how it prevented him from filing the instant Petition, these bare allegations do not entitle Petitioner

6

to equitable tolling of the limitations period. See Bills, 628 F.3d at 1100 (requiring petitioner claiming mental impairment to make "a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing"). Accordingly, the Court holds the Petition is untimely under 28 U.S.C. section 2244(d)(1) and must be denied.

## III.
## ORDER

Based upon the foregoing reasons, the Court finds the Petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

ACCORDINGLY, IT IS HEREBY ORDERED that Judgment be entered summarily dismissing this action with prejudice.

DATED: 5/28/15

HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE